Gregorio Cintrón, demandante y apelante, *v.* Porto Rico Railway, Light & Power Co., demandada y apelada.

No. 5844.—*Sometido:* Enero 11, 1934. *Resuelto:* Enero 24, 1934.

*Angel A. Vázquez,* abogado del apelante; *J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Gregorio Cintrón fué acusado de infringir el artículo 440 del Código Penal y absuelto. Entonces inició un pleito de persecución maliciosa y apela de una sentencia adversa.

Al tiempo de celebrar su contrato con la Porto Rico Railway, Light & Power Company, Cintrón era dueño de una pequeña tienda y café. Una investigación practicada un año después, o más tarde, demostró que la corriente eléctrica o parte de ella había sido desviada y que se había impedido que ésta pasara por el contador mediante un alambre de tierra, *jumper* o algún otro aditamento. No hubo duda alguna respecto al *corpus delicti*. Hubo prueba tendente a demostrar que algunos meses, o quizá un año, antes de iniciarse la acción penal, Cintrón había vendido el negocio a su suegro, Celestino Caraballo. El juez de distrito se negó a admitir un documento privado o contrato de venta para evidenciar esta

transacción y más particularmente en lo que a su fecha se refería. Se señala esta resolución como error.

La cuestión principal, como es costumbre en tales casos, fué la de causa probable. Cintrón no retiró su depósito con la compañía de la luz después de la supuesta venta de su negocio. Todos los pagos posteriores se hicieron a nombre de Cintrón y se acusó recibo de éstos como hechos por él. El contrato no era transferible. Al descubrirse el fraude fué Cintrón y no Caraballo quien trató de llegar a un arreglo con la compañía. Caraballo declaró que él no había tocado los alambres. Un letrero pintado en el frente del edificio en que estaba el negocio anunciaba a Cintrón como el dueño del mismo. Hubo algún conflicto en la prueba respecto a si la compañía de la luz había sido informada de algún cambio en la propiedad o dirección del negocio. El juez de distrito resolvió que el demandante había dejado de establecer la existencia de malicia o la falta de causa probable y fué de opinión que Cintrón había tenido bastante suerte al salir absuelto. Evidentemente el contrato de venta, de haber sido admitido como prueba, no hubiese afectado el resultado, y el error, de haberlo, al excluirlo, no justificaría sin más la revocación de la sentencia.

No hallamos que se cometiera error manifiesto en la apreciación de la prueba, ni abuso de discreción al conceder las costas a la demandada.

*La sentencia apelada debe ser confirmada.*